NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDWARD A. BUEHLER, *Appellant.*

No. 1 CA-CR 23-0174

FILED 12-12-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202101370
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

_____

**C A T L E T T**, Judge:

¶1　　　　Edward Allan Buehler ("Buehler") appeals his conviction and sentence for resisting arrest.  Counsel for Buehler filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel found no arguable question of law that was not frivolous.  Buehler was permitted to file a supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  Counsel asks this court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75, 79 (1988); *Clark*, 196 Ariz. at 537 ¶ 30.  After independently reviewing the record, we affirm Buehler's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　On September 28, 2021, a Prescott Valley police sergeant notified Detective Cody Skvarek ("Skvarek") that a male in a blue hoodie was walking in circles in the intersection of Loos and Tonto streets in Prescott Valley. Skvarek drove to the intersection in his marked patrol car and observed the man—who he identified as Buehler—walking in the middle of the road.  Skvarek activated his lights and siren and asked Buehler to talk.  Buehler responded with an expletive and kept walking. Because Buehler was violating a traffic statute, Skvarek approached and informed him that he was being detained and was not free to leave. Skvarek testified that Buehler then "swung at" him and he told Buehler that he was under arrest.  Skvarek also testified that, after being taken to the ground, Buehler continued to struggle and attempted to pull away.  Ultimately, it took two officers to put Buehler in handcuffs.  Buehler, however, testified that Skvarek never said he was under arrest and that he never swung at the officer.

¶3　　　　A grand jury indicted Buehler on one count of resisting arrest, a class 6 felony.  *See* A.R.S. § 13-2508(A)(1).  As an aggravating factor, the State alleged that Buehler had been convicted of a felony in the previous

ten years. After a two-day trial, a jury returned a verdict finding Buehler guilty of the lesser included offense of resisting arrest (passive), a class 1 misdemeanor. *See* A.R.S. § 13-2508(A)(3). The court sentenced Buehler to 4 months in the county jail, with 24 days presentence incarceration credit.

**¶4** Buehler timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(1).

## DISCUSSION

**¶5** We have read and considered counsel's brief and reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Buehler was present and represented by counsel at all critical stages of the proceedings. The record reflects the superior court afforded Buehler his constitutional and statutory rights and conducted the proceedings consistent with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. The sentence imposed falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7** We affirm Buehler's conviction and sentence. Defense counsel's obligation to represent Buehler in this appeal will end after informing Buehler of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

